IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY HERNANDEZ,                    No. 2:17-CV-1803-KJM-CMK-P

    Plaintiff,

  vs.                                                    ORDER

THOMAS,

    Defendant.

                          /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motions for leave to amend (Docs. 20 and 23); (2) plaintiff's motion for the appointment of counsel (Doc. 15); (3) plaintiff's motion for an extension of time to serve defendant (Doc. 10); (4) plaintiff's motion for an extension of time to respond to defendant's motion to dismiss (Doc. 16); and (5) plaintiff's motion for leave to lodge evidence (Doc. 18).

        Plaintiff seeks the appointment of counsel. United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

1

28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. First, plaintiff has no chance of success on his claim of sexual harassment that involved no physical contact. See Austin v. Terhune, 367 F.3d 1167 (9th Cir. 2004); Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. 2000); Keenan v. Hall, 83 F.3d 1083 (9th Cir. 1996). Second, the legal issue presented is not complex. Third, a review of the docket and plaintiff's filings reflects that he has been able to sufficiently articulate his claim on his own.

Plaintiff seeks an extension of time to serve defendant. A review of the docket reflects that defendant has been served and has filed a motion to dismiss in response to plaintiff's complaint. Plaintiff's motion will, therefore, be denied as unnecessary.

Plaintiff seeks leave to amend. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of

leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, because defendant has filed a motion to dismiss under Rule 12(b), and because plaintiff did not file his amended complaint as of right within 21 days of the filing of defendant's motion, leave of court is required. The court has reviewed the proposed amended complaint and finds that the amendment is frivolous. Specifically, as with the original complaint, plaintiff fails to state a claim because he does not allege any physical contact. Leave to amend will, therefore, be denied and this action will proceed on the original complaint.

Plaintiff seeks leave to lodge documentary evidence with the court. At this stage of the proceedings, before the court has addressed defendant's Rule 12(b) motion, plaintiff's request is premature. Plaintiff is advised that evidence may be submitted at a later date should the case proceed to discovery and consideration of pre-trial dispositive motions. In the meantime, plaintiff's request will be denied.

Finally, plaintiff seeks an extension of time to file an opposition to defendant's motion to dismiss. Good cause appearing therefor, the request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to serve defendant (Doc. 10) is denied as unnecessary;

2. Plaintiff's motions for leave to amend (Docs. 20 and 23) are denied;

3. The amended complaint filed on April 27, 2018 (Doc. 24) is stricken;

4. Plaintiff's motion for leave to lodge documentary evidence with the court (Doc. 18) is denied as premature;

5. Plaintiff's motion for the appointment of counsel (Doc. 15) is denied;

/ / /

6. Plaintiff's motion for an extension of time to file an opposition to defendant's motion to dismiss (Doc. 16) is granted; and

7. Plaintiff may file an opposition to defendant's motion to dismiss within 30 days of the date of this order.

DATED: July 24, 2018

                                                                                        _____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE