# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERNANDEZ, | No. 2:17-CV-1803-KJM-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| THOMAS, | |
|     Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 12).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on the original complaint. Plaintiff alleges:

> Dr. Thomas did become sexually inappropriate using body language to mimick [sic] the act of masturbation on 1-4-17 during a 1 on 1 session. 1-9-17 used body language to mimick [sic] the act of oral compulation [sic], as well as using a silver ring to mimick [sic] the act of intercourse as well as using inuendo [sic] in speech and attempting to draw petitioner's attention below her waist that sexually harassed petitioner. . . .

Doc. 1, p. 3.

Plaintiff alleges that defendant Thomas is a prison psychologist. See id. at p. 2. Petitioner alleges that defendant's conduct "shocked his senses to much that it inflicted psychological injury." Id. at p. 3. Plaintiff seeks $1 millions dollars in compensatory damages. See id. at 4.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

1 | 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only
2 | when two requirements are met: (1) objectively, the official's act or omission must be so serious
3 | such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
4 | subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
5 | inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
6 | official must have a "sufficiently culpable mind."  See id.  Allegations of verbal harassment do
7 | not state a claim under the Eighth Amendment unless it is alleged that the harassment was
8 | "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830
9 | F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),
10 | amended by 135 F.3d 1318 (9th Cir. 1998).  In addition, the prisoner must show that the verbal
11 | comments were unusually gross, even for a prison setting, and that he was in fact psychologically
12 | damaged as a result of the comments.  See Keenan, 83 F.3d at 1092.

Defendant argues that plaintiff cannot state a claim against her because plaintiff does not allege any physical contact and verbal harassment alone is insufficient.  As noted above, where verbal harassment is alleged to have been calculated to cause psychological damage, such conduct may violate the Eighth Amendment.  In this case, plaintiff alleges and defendant admits that she is a prison psychologist.  Plaintiff alleges that the conduct occurred during a one-on-one counseling session.  Given these facts, it is reasonable to infer that plaintiff claims defendant acted for the purpose of causing him psychological injury.  Why defendant Thomas did what plaintiff alleges is a question that cannot be answered absent further development of the facts of this case.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 12) be denied and that defendant be required to answer the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 30, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE