IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY HERNANDEZ,

    Plaintiff,

    v.

THOMAS,

    Defendant.

No. 2:17-CV-1803-KJM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On August 31, 2018, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein (Doc. 32). Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, defendant contends the Magistrate Judge misstated the law. The Magistrate Judge cited *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and *Keenan v.*

1

| | |
|---|---|
| 1 | *Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), for the proposition that, generally, allegations of verbal |
| 2 | harassment do not state a claim under the Eighth Amendment unless it is alleged that the |
| 3 | harassment was "calculated to . . . cause [the prisoner] psychological damage." Defendant's |
| 4 | objection is technically correct in that the quoted language appears in *Keenan* but not in |
| 5 | *Oltarzewski*. *Keenan*, however, cites *Oltarzewski* in support of the quoted language. The |
| 6 | Magistrate Judge's citation error does not change the substantive analysis, with which the court |
| 7 | agrees. |

Defendant also objects on the basis plaintiff has not affirmatively alleged defendant's conduct was calculated to cause psychological damage. The court rejects this argument because, as the Magistrate Judge noted, plaintiff alleged defendant Thomas is a prison psychologist and the alleged conduct occurred during a therapy session. It is reasonable to infer from these allegations by a pro se defendant Thomas acted for the purpose of inflicting psychological damage beyond whatever mental impairments for which plaintiff was already being treated. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 31, 2018 (Doc. 32), are adopted in full, except as to the citation error noted herein;

2. Defendant's motion to dismiss (Doc. 12) is denied;

3. Defendant shall file an answer to plaintiff's complaint within 30 days of the date of this order; and

4. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: October 4, 2018.

_____
UNITED STATES DISTRICT JUDGE