IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS,<br><br>    Defendant. | No. 2:17-CV-1803-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 44). Specifically, plaintiff seeks an order directing "Madera County Jail admin." to provide him with copy services and legal supplies.

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is

1 | likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
2 | injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
3 | interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot,
4 | however, issue an order against individuals who are not parties to the action. See Zenith Radio
5 | Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking
6 | injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
7 | prison renders the request for injunctive relief moot, unless there is some evidence of an
8 | expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
9 | Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

10 |       In this case, the court finds injunctive relief is not appropriate. First, to the extent
11 | defendant Thomas is not included among those individuals plaintiff refers to in his motion as
12 | "Madera County Jail admin.," the court is unable to issue an order directing conduct by non-
13 | parties. See Zenith Radio Corp., 395 U.S. at 112. Second, plaintiff has not established he is
14 | likely to suffer irreparable harm absent the requested order. In particular, plaintiff has not
15 | explained how his alleged lack of access to copy services or legal supplies results in any harm, let
16 | alone harm that is irreparable. According to plaintiff, he is not being provided blank paper or
17 | copy services in order to make required copies of his legal documents, necessitating him to make
18 | copies by hand. Plaintiff's own allegations indicate he is able to cure any harm being caused. As
19 | such, the harm cannot be said to be irreparable.
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 44) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 30, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE