UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS,<br><br>        Defendant. | No. 2:17-cv-01803-KJM-DMC<br><br><br>ORDER |

The court entered judgment against plaintiff, a prisoner proceeding pro se, on August 9, 2019, after adopting the magistrate judge's findings and recommendations, ECF No. 58, and granting defendant's motion to dismiss. ECF Nos. 63, 64. Although plaintiff was previously granted a fourteen-day extension of time, he did not object to the findings and recommendations recommending the court grant defendant's motion to dismiss. *See* ECF No. 60.

Four days after the court entered judgment, plaintiff filed a request for relief from judgment, explaining he missed the deadline to file objections, because the El Dorado County Jail, where he was incarcerated, did not furnish him adequate legal resources, such as blank paper and pre-paid envelopes, until after the deadline passed. Mot., ECF No. 65, at 3. Defendant opposes, arguing plaintiff had several months to file objections to the findings and recommendations before the court entered judgment, but failed to do so.

1

Given plaintiff's incarceration and pro se status, the court finds his inability to file timely objections due to lack of legal resources at El Dorado County Jail constitutes "excusable neglect" for which relief may be granted under Federal Rule of Civil Procedure 60(b)(1). *See Stutesman v. Campbell,* 2007 WL 779754, * 2 (E.D. Cal. March 14, 2007) (finding excusable neglect in filing of untimely appeal based upon prisoner's limited access to the prison library, "during which time he 'diligently sought research on the application to appeal on the mechanics of requesting a Certificate of Appealability' and on 'procedural bars and defaults.'"); *Tate v. Wiggins*, No. 3:18-CV-230, 2019 WL 2716897, at *2 (W.D. Pa. June 28, 2019) (noting inability to access legal resources to look up a deadline would counsel in favor of finding "excusable neglect"). Furthermore, the motion was filed within a reasonable time after judgment was entered. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . .").

Therefore, plaintiff's motion for relief from judgment is GRANTED. The order adopting the magistrate judge's findings and recommendations, ECF No. 63, and the entry of judgment, ECF No. 64, is VACATED. Plaintiff shall have fourteen (14) days to file objections to the findings and recommendations, ECF No. 58. This order resolves ECF No. 65.

Plaintiff's request for the address of the Ninth Circuit and for an appeal form, ECF No. 66, is DENIED without prejudice, as moot, given the court's conclusion above.

IT IS SO ORDERED.

DATED: August 27, 2019.

_____
UNITED STATES DISTRICT JUDGE